## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Commonwealth of Virginia

v.

Richard Owen Hoffman

May 4, 1988

By JUDGE WILLIAM H. LEDBETTER, JR.

This felony case is pending in the Spotsylvania County Juvenile and Domestic Relations District Court, awaiting preliminary hearing upon a warrant charging Richard Owen Hoffman with a violation of Virginia Code § 18.2-63.

Prior to the preliminary hearing, the Commonwealth petitioned the juvenile court to compel Hoffman to undergo a blood-grouping test pursuant to Virginia Code § 20-61.2. At a hearing on March 18, 1988, that court entered an order directing Hoffman to submit to an HLA blood-grouping test. Hoffman noted an appeal from that ruling, and the Commonwealth moved this court to dismiss the appeal on the ground that the juvenile court's order is not a final order. This court heard arguments on these issues on May 3, 1988.

Virginia Code § 16.1-296 provides that "any final order or judgment" of the juvenile court is appealable to the circuit court. A final order is one pronounced at the conclusion of a case, not an intermediate or intermediate or interlocutory ruling or decision incidental to the disposition. Regardless of the significance or consequences of the juvenile court's March 18th order, it is not a "final order or judgment" within the meaning of § 16.1-296.

The jurisdictional authority of circuit courts pertaining to matters that originate in the district courts is not limited to those instances described in the appeal

statutes. Circuit courts have jurisdiction with respect to the common law and statutory "extraordinary writs," including proceedings by mandamus and prohibition "to all inferior tribunals created or existing under the laws of this State ...." (*Cf.* Virginia Code § 8.01-644 et seq.)

*Mandamus* lies to compel the performance of a ministerial act when there is a clear non-discretionary duty to perform the fact. *Prohibition* lies to arrest the proceedings of an inferior tribunal when it has gone beyond its legitimate powers or has initiated such proceedings as are in excess of its jurisdiction. Therefore, treating this appeal in the nature of a writ, neither writ is available here.

At the March 18th hearing, Hoffman argued, as he does here, that § 20-61.2 does not apply because this is not a case "in which the question of paternity arises." The juvenile court interpreted the statute as being applicable to the proceeding before it. The statute on its face authorizes "any court . . . before whom the matter may be brought" to order the tests described therein. Clearly under such circumstances the juvenile court has the legitimate power to interpret a statute and, where it deems appropriate, to apply it in proceedings properly before that court. The correctness of that statutory interpretation cannot be challenged by use of the extraordinary writs.

Because the juvenile court's March 18th order is not a "final order or judgment" within the meaning of Section 16.1-296, and did not involve proceedings beyond that court's legitimate power or in excess of that court's jurisdiction, and did not concern a ministerial or non-discretionary duty, it is the opinion of this court that it has no appellate or writ authority over the matter at this stage of the proceedings.

As noted above, this case is not before the juvenile court for disposition on the merits. Hoffman is charged with a felony, and the juvenile court's jurisdiction is limited to determining whether or not there is probable cause. Virginia Code § 16.1-241(J). It follows that the juvenile court's order was entered for the purpose of aiding that court in its sole function: i.e., determining whether probable cause exists to certify the charge to the county grand jury. Whether the results of that order

can be used at trial is a separate issue, and this court expresses no opinion on that matter.

For the reasons explained above, it is ordered that the defendant's appeal is denied and dismissed, and the case is remanded to the Spotsylvania County Juvenile and Domestic Relations District Court for such further proceedings as provided by statute.